People v Francois

2026 NY Slip Op 02997

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Steve Francois, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2024-01844, (Ind. No. 71190/23)

Valerie Brathwaite Nelson, J.P.

Paul Wooten

Laurence L. Love

James P. McCormack, JJ.

Eric Shapiro Renfroe, Forest Hills, NY, for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William Branigan, and Patricia Stewart of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Nestor H. Diaz, J.), rendered February 1, 2024, convicting him of grand larceny in the third degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

ORDERED that the judgment is affirmed.

The defendant was convicted, after a jury trial, of grand larceny in the third degree and criminal possession of stolen property in the third degree.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495; People v Silverstein, 236 AD3d 827, 829). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Erber, 243 AD3d 804, 805; People v Myles, 172 AD3d 752, 753; People v Murphy, 162 AD3d 688, 688).

Contrary to the defendant's contention, the Supreme Court did not impermissibly merge two theories of larceny by instructing the jury as to both larceny by false promise and larceny by trick and create the risk of a non-unanimous verdict as to the method by which the larceny was committed. Rather, "there need not be juror unanimity as to the particular method by which the larceny was committed" (People v Ponnanpula, 229 AD2d 257, 273; see Penal Law § 155.45[2]; People v Tighe, 2 AD3d 1364, 1365; People v Watson, 284 AD2d 212, 212).

The defendant's contention regarding the timing of the appointment of the jury foreperson is without merit. "[C]ertain deviations from mandated procedural, structural and process-oriented standards affect the organization of the court or the mode of proceedings prescribed by law and present a question of law even without a timely objection" (People v Bostic, 217 AD3d [*2]678, 680-681 [internal quotation marks omitted]; see People v Cooper, 158 AD2d 465, 465). "Only fundamental defects in judicial proceedings, however, fall within this very narrow category of so-called 'mode of proceedings' errors" (People v Bostic, 217 AD3d at 681 [internal quotation marks omitted]; see People v Fernandez, 72 AD3d 303, 306, affd 15 NY3d 213). Here, while the Supreme Court erred in failing to designate the jury foreperson until after the first witness had testified, the error was not a mode of proceedings error (see CPL 270.15[3]; People v Bostic, 217 AD3d at 681; People v Lee, 129 AD3d 1295, 1299; People v Alexander, 104 AD3d 1221, 1221), and was harmless (see People v Burgess, 280 AD2d 264, 265).

Contrary to the defendant's contention, the Supreme Court's decision to poll the jury as to whether they heard a remark made by a discharged alternate juror was not an error warranting reversal. "[A] trial court's investigation of juror misconduct or bias is a delicate and complex task, and courts must have broad flexibility in matters involving the jury" (People v Kuzdzal, 31 NY3d 478, 485 [citation and internal quotation marks omitted]; see People v Wiggins, ___ NY3d ___, ___, 2025 NY Slip Op 06539, *2). "Thus, while a court looking into juror misconduct must investigate and, if necessary, correct a problem, it must also avoid tainting a jury unnecessarily. . . . In this endeavor, sometimes less is more" (People v Kuzdzal, 31 NY3d at 485-486 [internal quotation marks omitted]; see People v Batticks, 35 NY3d 561, 566).

Here, the Supreme Court properly declined to speak to each juror individually after discharging the alternate juror who had made the inappropriate remark. After confirming with the alternate juror that it did not appear that any of the other jurors had heard the remark, and after ascertaining that it was highly unlikely that any of the other jurors had heard the remark, the court properly decided to poll the remaining jurors as to whether they heard a remark that would affect their impartiality, instead of conducting an intrusive inquiry of each remaining juror individually when it did not appear that any of the other jurors had even heard the remark (see People v Kuzdzal, 31 NY3d at 483; People v Batticks, 35 NY3d at 566).

The defendant's contention that the Supreme Court erred in allowing the People to display certain visual aids during summation is without merit. The court properly allowed the People to display an enlargement of an exhibit as well as a compilation of multiple exhibits as part of their summation, and the People were not required to move the presentation itself into evidence (see People v Williams, 29 NY3d 84, 89; People v Anderson, 29 NY3d 69, 72).

BRATHWAITE NELSON, J.P., WOOTEN, LOVE and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court